Corwin, C. J.
This is a writ of certiorari to the court of common pleas of Brown county, and the questions here presented arise' upon the motion of defendants to dismiss the writ.
It appeared in the case that on the 13th day of April, a. d. 1845, Preston N. Sellers, administrator of Michael Sellers, deceased, filed, in the court of common pleas of Brown county, his petition for the sale of certain lands of the deceased, to pay the debts of the estate, making the widow and *heirs of the deceased, and *196 the plaintiff in error, together with one Archibald Liggett, since-deceased, parties defendant.
As to the defendants, Gilliland and Liggett, the petition charged substantially that they were mortgagees of the premises sought to-be sold, but that a large portion of the debt secured by said mortgages had been paid by the said intestate in his lifetime, for which no credit had been entered upon the notes or the mortgages by which they were secured, and that a large amount of the consideration for said notes and mortgages was usurious and fraudulent; and called upon said defendants for a discovery as to the original consideration for said indebtedness, and of the amount paid thereon, and prayed that the amount actually due to them might-be ascertained and settled in that proceeding.
To this petition answers were filed by all of the defendants, and dower having been assigned to the widow, the cause was continued, with leave to the petitioner to file an amended petition as to the defendants, Gilliland and Liggett. In pursuance of which leave, an amended petition was filed, with interrogatories to said defendants, which were subsequently answered by them, and the cause referred to a master, to take testimony and report. Upon the coming in of the master’s report, exceptions were filed by Gilliland, which, upon consideration, were overruled by the court, and the following order was entered : “ And the court find that there is equitably due said Gilliland, on the footing of said two mortgages, the sum of six hundred and twenty dollars and ninety-two-cents, with interest from the 5th day of August, 1846, and that the residue appearing to be due on said mortgages is made up of usurious interest. It is therefore ordered, adjudged, and decreed that said administrator, out of the proceeds of the sale of the real estate heretofore by him sold in this causé, pay to the said defendant, Gilliland, the said sum of $620.92,'with interest thereon from the-5th day of August, 1846, as a full discharge of said mortgages. And it is further ordered that said Gilliland, on the receipt of said sum, with the interest thereon,' as' above stated, enter a *full satisfaction of said mortgages, and that defendant, Gilliland, pay the costs of reference to the master in the case, and that said administrators, out of the proceeds of the sale of said real estate, pay the residue of the costs herein, and the parties are hence dismissed.”
From this order or decree an appeal was regularly perfected to *197 "the Supreme Court for the county, and at the April term thereof, for the year 1847, “ The court adjudged that no appeal lies in this case, and therefore dismissed it.”
Afterward, to wit, on the 15th day of December, 1847, a writ of certiorari -was allowed, at Columbus, in Franklin county, by one of the judges of the Supreme Court, which was issued by the clerk of, and returned to, the Supreme Court of Ohio, for Brown county, the late court in bank having commenced its session in Columbus on the first Monday of the same month.
By operation of the provisions of the schedule in the new constitution, this writ of certiorari, thus allowed, was transferred to the district court for Brown county, and by that court, the motion to dismiss the writ for want of jurisdiction, was reserved for decision here.
Upon this motion the following points are made:
1. That during the sessions of the Supreme Court in bank, a •single judge of that court had no power to allow writs of certiorari.
2. That the proceeding was on the chancery side of the court, and that certiorari is not a proper mode of reviewing a proceeding in chancery. N
3. That by the constitution of 1802, the court of common pleas had’ exclusive jurisdiction of all probate matters, and, if this be simply a probate proceeding, the Supreme Court has no power of review by certiorari or otherwise.
4. That if any objection existed to the jurisdiction of the court ■of common pleas in the promises, it should have been asserted in that court, and comes too late after answer by the party to the merits and decree thereon.
*5, That the finding of the court of common pleas was warranted by the proofs in the case, and its decree consistent with the justice and equity of the case.
This motion can not be sustained by reason of anything in the first point of the objection ; for, by section 3 of the “ act to organize the judicial courts” (Swan’s Stat. 222), it is provided, amongst other things, that “ cither of the judges of the Supreme Court, in vacation, shall, on good cause shown, have power to grant writs of ■error, supersedeas, and certiorari,” etc.; and even if the writ had been made returnable to the late court in bank, there is nothing in *198 this record to show us that that court was in session, at the time of its allowance by the single judge.
Whilst we will take judicial notice of who were members of the Supreme Court of the state, and of the term fixed by law for the commencement of its sessions, yet we can not take, such notice of the duration of its' sessions; and it in no way appears that the court was in session on the 15th day of December, 1847, when this writ was allowed.
But if it were made to appear in any way that this writ was allowed during a session of all the judges, in bank, it would, by the same means, be shown that there was, at the time, a vacation of the Supreme Court in Brown county. The writ was issued by and returnable to the Supreme Court for Brown county, and by the reasonable and uniform construction of the statute conferring the power of allowance, it was properly allowed by a single judge, during a vacation of the court in the county in which the writ was prosecuted.
2. It is true that certiorari is not a proper mode of reviewing a proceeding in chancery, as was hold in Galloway v. Stophlet, 1 Ohio St. 434.
And it was held, at the present term of this court, in the' case of Barnard & Degraff v. Ingalls, that under our present practice such proceeding is not subject to review upon a petition in error.
But is the proceeding here sought to be reviewed, a proceeding in chancery, or is it a statutory proceeding by an *administrator to sell the lands of hig intestate ? It can not have both characters and must be held to have either the one or the other. The record shows that the appeal from the decree of the court of common pleas was dismissed, by the Supreme Court for the county, not for any irregularity in perfecting the appeal, but for the obvious reason, that the original petition was addressed to the probate jurisdiction of the common pleas. And, so far as this case is concerned, we would not, at this distance of time, when all right of appeal is lost to the party, reverse the decision of the Supreme Court dismissing the appeal, except for the most cogent and unavoidable reasons. If the order or decree of the court of common pleas, in the premises, was made in the exercise of its general chancery powers, the right of appeal being gone, the decree is final and conclusive, and; there being no case for review or impeachment, the party is utterly *199 ■without the remedy to which suitors in equity have always been entitled under our laws.
The decision of this point, however, does not depend upon such considerations. The Supreme Court on the circuit held correctly that the proceeding was simply the ordinary “ petition to soli lands ” by an administrator, as authorized by sections 119 and 129 of the “ act to provide for the settlement of the estates of deceased persons. Swan’s Stat. 360. And the character of the proceeding was in no wise changed or affected by the fact that the administrator sought in such petition to adjust and settle the claims of creditors. Such a proceeding against creditors of an estate is nowhere authorized by the statute, and if this petition must be considered as addressed solely to the probate jurisdiction of the court of common pleas, we are all of opinion that the decree of such probate court for the cancellation of the mortgage securities of the plaintiff in error, was utterly beyond its jurisdiction, and therefore void. So that whatever disposition be made of this writ, the original remedy of the creditor against the estate of his debtor, is undisturbed by this proceeding, except *as its extent may have been reduced by the payments made to him under the order of the probate court.
The third ground of objection to this writ of certiorari, however, is well taken. Although a court may acquire jurisdiction of parties by their consent, yet a court of special and limited jurisdiction can not, as such court, by such consent, acquire jurisdiction of a subject-matter not conferred by the law of its creation. And the decree of a probate court in Ohio, involving the exercise of the general jurisdiction of a court of equity, must be considered as coram nonjudice. In so far as the decree below went beyond the jurisdiction of a probate court, it is void; and in so far as it is within its jurisdiction, it is exclusively so, under section 5, article 3, of the constitution of 1802, and not subject to revision here. Gregory’s Adm’r, 19 Ohio, 357.
It being necessary for these reasons to dismiss the writ, the other points presented by counsel need not be noticed.